### OAKES et al. v. GURNEY.

(Circuit Court, D. Massachusetts. May 29, 1894.)

No. 2,866.

1. PATENTS FOR INVENTIONS—INFRINGEMENT—CARRIAGE—TOP FORMS.

The Oakes patent, No. 378,457, for adjustable forms for setting and building carriage tops, claimed a form consisting of movable bases longitudinally adjustable on parallel sliding bars, and secured thereto by bolts passing through slots in the free ends of said bars, upwardly projecting standards, secured to said bases, and connected at their upper ends by connecting bars having angularly disposed grooves on their outer faces, and means for securing the carriage top rails to the base of the form. *Held* that, as this was the first form on which a carriage top could be constructed complete, and removed therefrom ready to be attached to the carriage body, the patent covers all devices attaining the same result in a substantially similar way; and hence this claim is infringed by the device described in the Quimby patent, No. 458,252, though in the latter the size of the machine is adjusted by different means, the grooves are on the inner faces of the connecting bars, and the carriage top sockets are secured to the form directly, instead of by means of the carriage rail, as in the Oakes patent.

2. SAME.

The same patent also claimed a combination of adjustable connecting bars and adjustable blocks, permitting adjustment of the form to receive different sorts of carriage top sockets, by changing the upper points of support; this being done as a consequence of supporting the sockets through the intermediary of the carriage top rail. *Held*, that this claim

also is infringed by the Quimby patent, No. 458,252, in which, the carriage top rail being abandoned as part of the supporting device, the necessary adjustment is secured by moving both the upper and lower points of support, although the connecting bars are fixed, the blocks being adjustable.

This was a suit by Judson E. Oakes and others against James W. Gurney for infringement of a patent.

William H. Clifford, for complainants.

James E. Maynadier, for defendant.

CARPENTER, District Judge.    This is a bill to restrain an alleged infringement of the first and third claims of letters patent No. 378,457, issued February 28, 1888, to Cummins C. Oakes, for adjustable forms of setting and building carriage tops.    The claims alleged to be infringed are as follows:

(1) An adjustable form for setting and building carriage tops, consisting of the movable bases longitudinally adjustable on parallel sliding bars, and secured thereto by bolts passing through slots in the free ends of said bars, upwardly projecting standards secured to said bases and connected at their upper ends by connecting bars having angularly disposed grooves on their outer faces, and means for securing the carriage top rails to the base of the form, substantially as shown and described.

(3) The adjustable connecting bars, each having a longitudinal slot running through its center, and adjustable blocks provided with a transverse groove across the outer face of each for receiving the carriage top sockets, secured to the connecting bars by bolts having thumb nuts passing through said slots, fastening the socket blocks at any desired angle and distance on the bars, substantially as shown, and for the purpose described.

The alleged infringing device is shown and described in letters patent No. 458,252, issued August 25, 1891, to Wilmot B. Quimby, for machine for trimming carriage tops.    The defense is that the respondent does not infringe.

The device described in the patent is, so far as appears, the first form or machine on which a carriage top could be constructed substantially in every part, and removed therefrom ready to be attached to the body of the carriage.    The patent must therefore be held to cover all devices which have the new function,—that is, all devices which reach the same result in a substantially similar way.

The respondent argues that the first claim is, by the terms of the patent, limited as follows:

First. The bases must be secured each to the bar of the other, after they are adjusted to the proper distance apart, "by bolts passing through slots in the free ends of said bars," or by some equivalent or known substitute. There is nothing at all resembling this in defendant's machine; for, even if the clutches, $a^3$, of one base, B, of defendant's machine, be taken as the equivalent of bar, P, P, or bar. Q, of the first claim, it is certain that neither base of defendant's machine is ever secured in any way to the bar of the other base.

Second. The angularly disposed grooves must be on the "outer faces" of the connecting bars of the first claim; but they are on the inner faces of these bars in defendant's machine.

Third. "Means for securing the carriage top rails" are essential in the first claim; but there is nothing at all resembling anything of the sort in defendant's machine.

On this point, I observe that, as it seems to me—First. The adjustment of the size of the machine, by causing the end frames to be

nearer or further apart, is the same in both devices, and is accomplished by similar and equivalent means. The process is simple, and is the same in both; the means are specifically different, but identical in operation. Secondly. The position of the grooves on the outer faces of the connecting bars does not enter into their function, and grooves on the inner faces are equivalent; the respondent does not even change the machine of the patent,—he simply reverses it. Thirdly. The carriage rail is secured in the patent solely in order to hold in place the carriage top sockets, which are attached to the rail in the device shown in the patent. In function, therefore, the rail is only an extension of the securing device of the patent. The means "for securing the carriage top rails" are really means for securing the carriage top sockets.

The interpretation for which the respondent contends, as to the third claim, is stated by him as follows:

The third claim of complainant's patent is for a combination of two elements: (1) Adjustable connecting bars; (2) adjustable blocks. The defendant's machine contains no adjustable connecting bar, but fixed connecting bars. The defendant's machine does contain adjustable blocks. It is clear, upon general principles, that the word "adjustable," as used in the first line of the third claim of the patent in suit, means that the bar itself is adjustable or movable in relation to other parts, for the fact that other parts are adjustable upon the bar would not make the bar itself adjustable. * * * The same principle of law and the same authority relied upon in discussing the first claim is therefore applicable to the third. Furthermore, the claim is void for lack of invention. Adjustment by means of a slot and screw bolt in the slot is old,—and such adjustment must be in the direction of the slot; and the court will take judicial notice of this. The double adjustment of the blocks is simply the use of well-known devices common in all workshops and familiar to all mechanics. The adjustment of the connecting bars is essential in complainant's machine solely because he uses the carriage top rail. But such adjustment is not desirable, and defendant's plan is far better; namely. to adjust the clamping block, a⁹, towards and from the bars, instead of adjusting both ends of each bar towards and from the carriage top rails, as in complainant's machine.

This statement appears to me to furnish its own answer. The function of the combination, set out in the third claim, is the adjusting of the form so as to receive different sorts of carriage top sockets. This is effected in both devices by changing the relative situation of the points of attachment or support. The patentee changes the position of the upper points of support, and this he does as a consequence of the particular form of his machine, wherein the sockets are supported through the intermediary of the carriage top rail. The respondent, having abandoned the carriage top rail as part of the supporting device, is free to bring about the same change of relative position by moving both the upper and lower points of support. This seems to me to be, in substance, identical with the device of the patent.

There will be a decree in accordance with the prayer of the bill, and based on the first and third claims of the patent.